WILLIAM P. FLAHIVE

LAW OFFICE OF WILLIAM P. FLAHIVE, L.L.C.

DIAMOND SILVER OFFICE COMPLEX

24 ARNETT AVENUE

SUITE 103

LAMBERTVILLE, NEW JERSEY 08530

———

(609) 397-6390

Fax: (609) 397-3070

bill@wpflahive.com

April 3, 2015

The Hon. Michael A. Hammer, U.S.M.J.
United States District Court
Dr. Martin Luther King, Jr. Federal Bldg. & Courthouse
50 Walnut Street
Newark, NJ 07102

Re: <u>J.L.D. v. Gannon, et al.</u>
Dkt. No. 15-386

Dear Judge Hammer:

I am writing to address four issues with the Court. First, I am writing to advise that the parties will not need the Courtroom the Court has set aside for our use on April 7, 2015. Second, to notify the Court that I believe I have met my obligations under Loc. Civ. R. 37.1 to confer regarding disputes before filing motions. Third, to advise the Court that absent some instruction from the Court indicating I have not met my Loc. Civ. R. 37.1 obligations, I will be filing motions pursuant to the Federal Rules of Civil Procedure and Local Civil Rules regarding issues over which the parties cannot agree. Fourth, I am requesting that the motion to dismiss that I filed be reinstated so that it may be heard by Judge McNulty in the near future.

The four issues I raise are best explained by a chronology of communications on these issues. On March 27, 2015, I became aware that plaintiff was posting materials on social media that appeared to violate the spirit of the March 20, 2015 phone conference with the Court regarding the contents of his complaint and potential violation of Fed. R. Civ. P. 12(f). The social media postings seen on March 27 included an unredacted copy of the amended complaint (Dkt. No. 6) that has since been sealed.

I emailed plaintiff regarding my concerns, citing Loc. Civ. R. 37.1 and Loc. Civ. R. 105.1. Email attached as Ex. 1. Plaintiff responded that the materials were posted by him on social media in error. Plaintiff's response attached as Ex. 2. He requested that I send him a copy of the amended complaint that included redactions sent to me two days

April 3, 2015
Page 2

earlier. The same redacted complaint he was requesting had been posted by plaintiff on social media and reviewed by me earlier on March 27.

On March 30, 2015, I wrote to the Court and advised that the parties had agreed to meet on April 7 or April 8 to discuss documents plaintiff obtained during plaintiff's clerkship, seek agreement on what was public information, discuss what may be considered confidential by consent, and narrow the issues that would have to be litigated. Letter attached as Ex. 3. The following day, March 31, 2015, the Court entered a text order allowing the parties to use Courtroom 2C for an April 7 meeting. Ex. 4.

On April 2, 2015, plaintiff emailed counsel indicating that he was declaring victory in the lawsuit, that he would never consent to making any materials confidential, suggesting that those who disagreed with him might need some spiritual oversight, suggesting this litigation was over, making reference to my client, and inviting counsel to review his Instagram account – a form of social media. Email attached as Ex. 5.

The Instagram account to which counsel was directed contained a greeting for my client, reference to this lawsuit, a suggestion that plaintiff had prevailed, and an inference that plaintiff's success would result in some adjudication of wrongdoing. First three pages of social media posting attached as Ex. 6.

Later on April 2, I sent plaintiff the redacted amended complaint he had requested of me and sought clarification as to whether meeting to discuss the documents he obtained during his clerkship would be useful. In essence, I was seeking confirmation that there might be some agreement that some materials obtained during his clerkship might be considered confidential. Email attached as Ex. 7.

Plaintiff responded rather emphatically, advising me that an effort to agree on any confidentiality issues would be fruitless. Email attached as Ex. 8. Plaintiff followed up with an email shortly thereafter suggesting that any lack of agreement on his part was the fault of other members of the legal profession. Email attached as Ex. 9.

This morning, I advised plaintiff that I would be sending this letter to the Court. Ex. 10. Plaintiff responded by advising that he planned to file an amended complaint and referring to my client in unflattering terms. Ex. 11. He followed up by indicating that further efforts to resolve matters informally between this counsel and plaintiff may not be productive. Ex. 12.

On the first issue cited above, the nature of recent communications with plaintiff indicate that a meeting on April 7 to seek agreement on disputed issues as required by Loc. Civ. R. 37.1 would not be useful. Thus, the Court need not reserve the Courtroom for this purpose.

On the second issue, I believe that I have met my obligation to seek to resolve disputes with plaintiff before engaging in formal motion practice. Plaintiff is intractable in his opinion about the materials he obtained during his clerkship. On the issue of the

April 3, 2015
Page 3

complaint containing immaterial or impertinent matter,  plaintiff's posting of the amended complaint in unredacted form in social media demonstrates that he does not agree that restrictions apply in what constitutes a properly pleaded complaint under the Federal rules.  Thus, attempts at communicating my objections in advance of filing a second amended complaint seem fruitless.

On the third issue, unless I hear differently from the Court, I will assume that my attempts to resolve issues with the plaintiff in advance of motion practice have been sufficient.  My communications with the plaintiff suggest that any further attempts at agreement to avoid motion practice would be fruitless.  Thus, I may file motions regarding confidentiality, immaterial or impertinent material in the complaint, and extrajudicial statements by plaintiff without further efforts to negotiate disputes with plaintiff.

Finally, on March 20, 2015, the Court administratively terminated a motion to dismiss filed on behalf of my client.  Plaintiff was given until April 23, 2015 to file a second amended complaint.  Based on my communications with plaintiff and plaintiff's posting of materials on social media, it seems unlikely that the factual allegations and legal positions set forth in the amended complaint will be significantly different in a second amended complaint.  If a second amended complaint truly addresses the deficiencies pointed out in my motion to dismiss, I will withdraw the motion to dismiss before the return date and respond to a second amended complaint.  For now, however, I ask that my motion to dismiss be reinstated and set for a May 4, 2015 return date.  Plaintiff's opposition would be due April 20, 2015.  That would give plaintiff more than the 10 days to file opposition that is set forth under the current motion schedule.

Thank you for your consideration in this matter.

Respectfully Submitted,
LAW OFFICE OF
WILLIAM P. FLAHIVE, L.L.C.

By:

William P. Flahive

cc: J.L.D. (via ECF)
    DAG Susan Scott (via ECF)
    Edward V. Gannon
    Dawn Sullivan, Esq. (via email)

# Exhibit 1

**Bill Flahive**

| | |
|---|---|
| **From:** | Bill Flahive <bill@wpflahive.com> |
| **Sent:** | Friday, March 27, 2015 1:40 PM |
| **To:** | 'J██████ D██████' |
| **Cc:** | susan.scott@dol.lps.state.nj.us; Dawn Sullivan (dsullivan@dorseysemrau.com) |
| **Subject:** | RE: Scope of Case |

Mr. D██████:

I write pursuant to my obligation to try to resolve our differences informally before making a formal motion to the Court.  See Loc. Civ. R. 37.1 and Loc. Civ. R. 105.1

It has come to my attention that you have posted material on the internet that contains Judge Gannon's home address and some alleged medical information about my client.  You have also included personal information about former law clerks.  I do not see how this information is relevant to your law suit and seems to be contrary to the tone of the telephone conference with Judge Hammer last week.  Posting this information also appears to contradict the Federal Court's reasoning behind keeping docket entry 1 under seal.  I am hoping this was simply an oversight on your part.  If you claim this information has some relevance to your complaint, please advise me and I will reconsider my position.

I would ask that you remove from your postings any personal information, including the home address and alleged medical information about my client and information about former law clerks.  If these materials are not removed by Monday, March 30, 2015, I will assume the postings were not an oversight on your part that you are unwilling to resolve this issue.

I am hoping we can work this out to avoid motion practice.

Bill

Law Office of William P. Flahive, L.L.C.
24 Arnett Avenue
Lambertville, N.J.  08530
(609) 397-6390
F: (609) 397-3070
bill@wpflahive.com

# Exhibit 2

**Bill Flahive**

| | |
|---|---|
| **From:** | J██████ D██████ <jd█████24@gmail.com> |
| **Sent:** | Friday, March 27, 2015 1:56 PM |
| **To:** | Bill Flahive |
| **Cc:** | susan.scott@dol.lps.state.nj.us; Dawn Sullivan |
| **Subject:** | Re: Scope of Case |

Of course. I'm sorry, I thought I posfed the version of complaint I had blacked out.  Many of files that were on my computer and Gmail account I can't seen to locate.

Can u send me the redacted version I sent u?

Judge Gannon's addtess or anyone's name should not be shared. I am just feeling a little stressed and mistake prone as of late. I am sorry.

On Friday, March 27, 2015, Bill Flahive <bill@wpflahive.com> wrote:

Mr. D████:


I write pursuant to my obligation to try to resolve our differences informally before making a formal motion to the Court.  See Loc. Civ. R. 37.1 and Loc. Civ. R. 105.1


It has come to my attention that you have posted material on the internet that contains Judge Gannon's home address and some alleged medical information about my client.  You have also included personal information about former law clerks.  I do not see how this information is relevant to your law suit and seems to be contrary to the tone of the telephone conference with Judge Hammer last week.  Posting this information also appears to contradict the Federal Court's reasoning behind keeping docket entry 1 under seal.  I am hoping this was simply an oversight on your part.  If you claim this information has some relevance to your complaint, please advise me and I will reconsider my position.


I would ask that you remove from your postings any personal information, including the home address and alleged medical information about my client and information about former law clerks.  If these materials are not removed by Monday, March 30, 2015, I will assume the postings were not an oversight on your part that you are unwilling to resolve this issue.


I am hoping we can work this out to avoid motion practice.


Bill

1

# Exhibit 3

WILLIAM P. FLAHIVE

LAW OFFICE OF WILLIAM P. FLAHIVE, L.L.C.

DIAMOND SILVER OFFICE COMPLEX

24 ARNETT AVENUE

SUITE 103

LAMBERTVILLE, NEW JERSEY 08530

(609) 397-6390

Fax: (609) 397-3070

bill@wpflahive.com

March 30, 2015

The Hon. Michael A. Hammer, U.S.M.J.
United States District Court
Dr. Martin Luther King, Jr. Federal Bldg. & Courthouse
50 Walnut Street
Newark, NJ 07102

      Re: <u>J.L.D. v. Gannon, et al.</u>
          Dkt. No. 15-386

Dear Judge Hammer:

    I am writing to follow up on a request made during the March 20, 2015 telephone conference with the Court, the plaintiff, and counsel.

    We had discussed the Court making a conference room available at the Courthouse so that the parties might meet and confer to discuss issues regarding documents and other matters that may help limit or avoid motion practice. The Court indicated that it might be able to accommodate a request for meeting space.

    The parties have conferred and are available to meet at the Courthouse on April 7, 2015 at 10 a.m. If the Court is unable to accommodate us on that date, the parties are also available on April 8 at 2 p.m. By copy of the this letter, I am asking plaintiff to bring all materials he obtained through his clerkship so we can seek agreement on what may be public, what we might agree is confidential but usable pursuant to a protective order, and the materials that are in dispute as to confidentiality so an appropriate application can be made to the Court.

    Thank you for your consideration in this matter.

March 30, 2015
Page 2

Respectfully Submitted,
LAW OFFICE OF
WILLIAM P. FLAHIVE, L.L.C.

By:

William P. Flahive

cc: J.L.D. (via ECF)
    DAG Susan Scott (via ECF)
    Edward V. Gannon
    Dawn Sullivan, Esq. (via email)

# Exhibit 4

Bill Flahive

| | |
|---|---|
| **From:** | njdefiling@njd.uscourts.gov |
| **Sent:** | Tuesday, March 31, 2015 1:12 PM |
| **To:** | njdefiling@njd.uscourts.gov |
| **Subject:** | Activity in Case 2:15-cv-00386-KM-MAH J.L.D. v. GANNON et al Order |

This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

District of New Jersey [LIVE]

## Notice of Electronic Filing

The following transaction was entered on 3/31/2015 at 1:12 PM EDT and filed on 3/31/2015
**Case Name:**      J.L.D. v. GANNON et al
**Case Number:**      2:15-cv-00386-KM-MAH
**Filer:**
**Document Number:** 20(No document attached)

**Docket Text:**
TEXT ORDER: Per counsel's request [19], the parties will meet on 4/7/2015 at 10:00 a.m. in Newark - Courtroom 2C. So Ordered by Magistrate Judge Michael A. Hammer on 3/31/2015. (jqb, )

**2:15-cv-00386-KM-MAH** Notice has been electronically mailed to:

J.L.D.      Jdearie24@gmail.com

SUSAN MARIE SCOTT      susan.scott@dol.lps.state.nj.us, EF-JUDPROS@dol.lps.state.nj.us

WILLIAM P. FLAHIVE      bill@wpflahive.com, marcella@wpflahive.com

**2:15-cv-00386-KM-MAH** Notice will not be electronically mailed to::

# Exhibit 5

Bill Flahive

From:             J████ D████ <jd████24@gmail.com>
Sent:             Thursday, April 02, 2015 6:10 AM
To:                Dawn.Morris@judiciary.state.nj.us; Bill Flahive; Susan Scott
Subject:         Confidentiality- victory speech

I will never consent to making anything confidential.  You can lock me up or kill me before I pretend like the whole court system, federal and state isn't a joke.  If you guys or anyone has a problem with that, then God bless your soul. Check out my Instagram at @j██.d██████

The case is over.  I want Judge Gannon to admit his wrongs or he will go to jail.

Don't thank me, It was my pleasure.

J████ L. D████ Jr.

1

# Exhibit 6



❤ magaretgfutch, mary.smith.x



j⬛.d⬛ Hi Judge Edward V. Gannon #shook #jldVgannondorf #gameover#check#and#mate



 



social.boost

Fuck a clock, Fuck a pop-a-doc, il go acapella: ima an illuminati reject, shallow pockets with a deep v-neck, I'm not gonna lose, I just hit





🖤 social.boost

j█.d█████ Fuck a clock, Fuck a pop-a-doc, il go acapella:  ima an illuminati reject, shallow pockets with a deep v-neck, I'm not gonna lose, I just hit reset. World is in my hands and I'm just getting my feet wet, WHO THE FUCK Said being a psychopath was a pre-req.? No offense, I'm just tryna implement a little triangle offense. Share the rock, we all score, don't it make sense? Now watch the kid make a dollar Outta 50 cents. #JLD # Teamgame #Fuckyourlastname



# Exhibit 7

**Bill Flahive**

| | |
|---|---|
| **From:** | Bill Flahive <bill@wpflahive.com> |
| **Sent:** | Thursday, April 02, 2015 4:31 PM |
| **To:** | 'J▓▓▓ D▓▓▓' |
| **Cc:** | 'susan.scott@dol.lps.state.nj.us'; 'Dawn Sullivan' |
| **Subject:** | RE: Scope of Case |
| **Attachments:** | Redacted Amended NJ Complaint 2.26.15.pdf |

Mr. D▓▓:

Pursuant to your request below, attached is the redacted amended complaint you sent me on 2/27/15. The redactions you propose do not address all of the concerns I have pursuant to Fed. R. Civ. P. 12(f).

Based on your email this morning ("I will never consent to making anything confidential"), it seems unlikely that next week's scheduled meeting to discuss documents would be very productive. Please confirm that you have no intention of agreeing that any of the materials you obtained from your clerkship are confidential.

There is no sense wasting time and resources if you have researched your position and believe you have legal support for your position.

Bill

**From:** J▓▓▓ D▓▓▓ [mailto:jd▓▓24@gmail.com]
**Sent:** Friday, March 27, 2015 1:56 PM
**To:** Bill Flahive
**Cc:** susan.scott@dol.lps.state.nj.us; Dawn Sullivan
**Subject:** Re: Scope of Case

Of course. I'm sorry, I thought I posfed the version of complaint I had blacked out. Many of files that were on my computer and Gmail account I can't seen to locate.

Can u send me the redacted version I sent u?

Judge Gannon's addtess or anyone's name should not be shared. I am just feeling a little stressed and mistake prone as of late. I am sorry.

On Friday, March 27, 2015, Bill Flahive <bill@wpflahive.com> wrote:

Mr. D▓▓:

I write pursuant to my obligation to try to resolve our differences informally before making a formal motion to the Court. See Loc. Civ. R. 37.1 and Loc. Civ. R. 105.1

It has come to my attention that you have posted material on the internet that contains Judge Gannon's home address and some alleged medical information about my client. You have also included personal information about former law clerks. I do not see how this information is relevant to your law suit and seems to be contrary to the tone of the

1

# Exhibit 8

**Bill Flahive**

| | |
|---|---|
| **From:** | J█████ D█████ <jd████24@gmail.com> |
| **Sent:** | Thursday, April 02, 2015 4:37 PM |
| **To:** | Bill Flahive |
| **Subject:** | Re: Scope of Case |

are you fucking kidding me bill?

HELL NO.

On Thursday, April 2, 2015, Bill Flahive <bill@wpflahive.com> wrote:

Mr. D████:

Pursuant to your request below, attached is the redacted amended complaint you sent me on 2/27/15.  The redactions you propose do not address all of the concerns I have pursuant to Fed. R. Civ. P. 12(f).

Based on your email this morning ("I will never consent to making anything confidential"), it seems unlikely that next week's scheduled meeting to discuss documents would be very productive.  Please confirm that you have no intention of agreeing that any of the materials you obtained from your clerkship are confidential.

There is no sense wasting time and resources if you have researched your position and believe you have legal support for your position.

Bill

**From:** J█████ D█████ [mailto:jd████24@gmail.com]
**Sent:** Friday, March 27, 2015 1:56 PM
**To:** Bill Flahive
**Cc:** susan.scott@dol.lps.state.nj.us; Dawn Sullivan
**Subject:** Re: Scope of Case

Of course. I'm sorry, I thought I posfed the version of complaint I had blacked out.  Many of files that were on my computer and Gmail account I can't seen to locate.

# Exhibit 9

**Bill Flahive**

| | |
|---|---|
| **From:** | J████ D████ <jd████24@gmail.com> |
| **Sent:** | Thursday, April 02, 2015 4:37 PM |
| **To:** | Bill Flahive |
| **Subject:** | Re: Scope of Case |

it's not my half of the lawyers and judges were molested as children.

On Thursday, April 2, 2015, J████ D████ <jd████24@gmail.com> wrote:
are you fucking kidding me bill?

HELL NO.

On Thursday, April 2, 2015, Bill Flahive <bill@wpflahive.com> wrote:

Mr. D████:

Pursuant to your request below, attached is the redacted amended complaint you sent me on 2/27/15.  The redactions you propose do not address all of the concerns I have pursuant to Fed. R. Civ. P. 12(f).

Based on your email this morning ("I will never consent to making anything confidential"), it seems unlikely that next week's scheduled meeting to discuss documents would be very productive.  Please confirm that you have no intention of agreeing that any of the materials you obtained from your clerkship are confidential.

There is no sense wasting time and resources if you have researched your position and believe you have legal support for your position.

Bill

**From:** J████ D████ [mailto:jd████24@gmail.com]
**Sent:** Friday, March 27, 2015 1:56 PM
**To:** Bill Flahive
**Cc:** susan.scott@dol.lps.state.nj.us; Dawn Sullivan
**Subject:** Re: Scope of Case

1

# Exhibit 10

**Bill Flahive**

| | |
|---|---|
| **From:** | Bill Flahive <bill@wpflahive.com> |
| **Sent:** | Friday, April 03, 2015 8:00 AM |
| **To:** | 'J██████ D██████' |
| **Cc:** | susan.scott@dol.lps.state.nj.us; Dawn Sullivan (dsullivan@dorseysemrau.com) |
| **Subject:** | RE: Scope of Case |

I understand your position.  I will notify Judge Hammer that we do not need to use his courtroom April 7.  I will redact your name from attachments to my letter.

I will notify the Judge that we will handle all disputes through motion practice.  I will be asking for Court to reinstate my motion to dismiss.  Based on our communications and your social media postings, I do not get the sense that your factual or legal positions will change at all from your amended complaint.

**From:** J██████ D██████ [mailto:jd██████24@gmail.com]
**Sent:** Thursday, April 02, 2015 4:37 PM
**To:** Bill Flahive
**Subject:** Re: Scope of Case

are you fucking kidding me bill?

HELL NO.

On Thursday, April 2, 2015, Bill Flahive <bill@wpflahive.com> wrote:

Mr. D██████:

Pursuant to your request below, attached is the redacted amended complaint you sent me on 2/27/15.  The redactions you propose do not address all of the concerns I have pursuant to Fed. R. Civ. P. 12(f).

Based on your email this morning ("I will never consent to making anything confidential"), it seems unlikely that next week's scheduled meeting to discuss documents would be very productive.  Please confirm that you have no intention of agreeing that any of the materials you obtained from your clerkship are confidential.

There is no sense wasting time and resources if you have researched your position and believe you have legal support for your position.

Bill

# Exhibit 11

**Bill Flahive**

| | |
|---|---|
| **From:** | J█████ D█████ <jd███24@gmail.com> |
| **Sent:** | Friday, April 03, 2015 8:13 AM |
| **To:** | Bill Flahive |
| **Subject:** | Re: Scope of Case |

I am still filing an Amended Complaint. In the the meantime I am going to bring Judge Gannon and all of the vampires out into the light. I'm just getting started.

Unless you guys want to pay me the money I deserve.

On Friday, April 3, 2015, Bill Flahive <bill@wpflahive.com> wrote:

I understand your position.  I will notify Judge Hammer that we do not need to use his courtroom April 7.  I will redact your name from attachments to my letter.

I will notify the Judge that we will handle all disputes through motion practice.  I will be asking for Court to reinstate my motion to dismiss.  Based on our communications and your social media postings, I do not get the sense that your factual or legal positions will change at all from your amended complaint.

**From:** J█████ D█████ [mailto:jd███24@gmail.com]
**Sent:** Thursday, April 02, 2015 4:37 PM
**To:** Bill Flahive
**Subject:** Re: Scope of Case

are you fucking kidding me bill?

HELL NO.

On Thursday, April 2, 2015, Bill Flahive <bill@wpflahive.com> wrote:

Mr. D█████:

Pursuant to your request below, attached is the redacted amended complaint you sent me on 2/27/15.  The redactions you propose do not address all of the concerns I have pursuant to Fed. R. Civ. P. 12(f).

# Exhibit 12

**Bill Flahive**

From:              J▓▓▓ D▓▓▓ <jd▓▓24@gmail.com>
Sent:              Friday, April 03, 2015 8:16 AM
To:                Bill Flahive
Subject:           Re: Scope of Case

Il go after you to Bill.  The nice game is over. I will ruin you.

On Friday, April 3, 2015, J▓▓ D▓▓ <jd▓▓24@gmail.com> wrote:
I am still filing an Amended Complaint. In the the meantime I am going to bring Judge Gannon and all of the
vampires out into the light. I'm just getting started.

Unless you guys want to pay me the money I deserve.

On Friday, April 3, 2015, Bill Flahive <bill@wpflahive.com> wrote:

I understand your position.  I will notify Judge Hammer that we do not need to use his courtroom April 7.  I will redact
your name from attachments to my letter.


I will notify the Judge that we will handle all disputes through motion practice.  I will be asking for Court to reinstate my
motion to dismiss.  Based on our communications and your social media postings, I do not get the sense that your
factual or legal positions will change at all from your amended complaint.



**From:** J▓▓ D▓▓ [mailto:jd▓▓24@gmail.com]
**Sent:** Thursday, April 02, 2015 4:37 PM
**To:** Bill Flahive
**Subject:** Re: Scope of Case


are you fucking kidding me bill?


HELL NO.

On Thursday, April 2, 2015, Bill Flahive <bill@wpflahive.com> wrote:

Mr. D▓▓:

1